|   |   |
|---|---|
| TRAVON ANTWUN DAVIS,<br><br>            Plaintiff,<br><br>      v.<br><br>KERN VALLEY STATE PRISON,<br><br>            Defendant. | No. 1:22-cv-1489 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 6) |

Travon Davis is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. However, Plaintiff did not pay the filing when he filed the complaint in this action. On November 22, 2022, the magistrate judge directed Plaintiff to either pay the fee or file an application to proceed *in forma pauperis* within 45 days. (Doc. 4.) After Plaintiff failed to take either action, the magistrate judge found Plaintiff failed to comply with the Court's order and failed to prosecute the matter. (Doc. 6 at 1.) Therefore, the magistrate judge recommended the action be dismissed without prejudice and the Clerk of Court be directed to close the case. (*Id.* at 3.)

On January 23, 2023, the Findings and Recommendations were served by mail at the only known address for Plaintiff, and contained a notice that any objections were to be filed within 14 days of the date of service. (Doc. 6 at 3.) To date, no objections have been filed, and the

1

deadline to so has expired.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 23, 2023 (Doc. 6), are **ADOPTED** in full.
2. This case is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 18, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] On February 6, 2023, the Court's order reassigning the action— which was served on the same date as the Findings and Recommendations—was returned as "Undeliverable, Vacant, Unable to Forward." It is unclear whether the Findings and Recommendations were delivered. Nevertheless, pursuant to Local Rule 182(f), "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." Local Rule 182(f).

Moreover, following the return of the Court's mail, Plaintiff was obligated to notify the Court of his proper address within 63 days pursuant to Local Rule 183(b). Thus, any notice of change of address was due no later than April 10, 2023. Plaintiff's failure to comply with the Local Rule 183(b) also supports the determination that dismissal is proper. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal appropriate for failure to prosecute and to comply with local rules).